IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVELYN B. CHERRY          :
                          :
   v.                     :   CIVIL NO. CCB-06-191
                          :
KEVIN J. MARTIN, CHAIRMAN :
FEDERAL COMMUNICATIONS COMM. :

...o0o...

**MEMORANDUM**

Evelyn B. Cherry, representing herself, filed a complaint against the FCC in January 2006 apparently alleging that the FCC failed to comply with an April 2002 administrative settlement of an earlier discrimination claim. She also alleged various forms of discrimination, including failure to promote, occurring from 1986 to 2006. In May 2006, the FCC filed a motion to dismiss or for summary judgment, to which Ms. Cherry responded on August 28, 2006. For the reasons that follow, the government's motion will be granted.

From reading Ms. Cherry's complaint, and her response, it appears she is asking the court to review the entire history of her career with the FCC as far back as 1986. While I do not doubt the sincerity of Ms. Cherry's belief that she has not been promoted in accordance with her merit, there is no basis for the court to undertake such a review. Indeed, there are very few, if any, issues that may properly be addressed in this lawsuit.

First, Ms. Cherry complains that the FCC failed to comply with the terms of her April 19, 2002 settlement, which required the government to pay for certain training and to provide Ms. Cherry a meeting with Chief Ed Thomas. As demonstrated by the government in its motion and as found by the EEOC in its decision issued October 18, 2005, the FCC did in fact comply with the agreement. In addition, although it was not part of the agreement, Ms. Cherry was promoted to a GS-7 grade level on December 2, 2002.

Second, to the extent Ms. Cherry complains of allegedly discriminatory events that occurred before April 19, 2002, those complaints are barred by the settlement agreement, in which she clearly waived her right to pursue claims that could have been raised in her initial EEOC proceeding.  (See Cplt., attached Settlement Agreement, ¶ 3).  There is nothing about the circumstances under which Ms. Cherry signed the agreement to suggest that her waiver was not knowing and voluntary, and therefore binding.  *See Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F.Supp.2d 488, 493-94 (D. Md. 2002).

Third, to the extent she complains about events occurring prior to the settlement but entirely unrelated to her earlier appeal, or events occurring after April 19, 2002, other than the FCC's compliance with the settlement agreement, those claims have not been administratively exhausted and therefore may not be addressed by the court.  *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002).

Finally, even if her claims of failure to promote, retaliation, and hostile work environment were properly before the court, she has failed to allege sufficient specific facts to state a *prima facie* claim as to any of these issues.  *See Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

Accordingly, the defendant's motion will be granted by separate Order.

| | |
|---|---|
|  October 31, 2006  |  /s/  |
| Date | Catherine C. Blake |
| | United States District Judge |